NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 19, 2014
Decided December 3, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1362

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| *v.* | No. 4:05-cr-40048-JBM-JAG-1 |
| KENDRICK L. FREEMAN, | Joe Billy McDade, |
| *Defendant-Appellant.* | *Judge.* |

### O R D E R

The question presented in this appeal is whether the defendant-appellant, Kendrick Freeman ("Freeman"), is eligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). In light of Amendment 780 to the U.S. Sentencing Guidelines, which amends U.S.S.G. § 1B1.10, we conclude that Freeman is not barred from seeking a sentence reduction pursuant to § 3582(c)(2). Accordingly, we vacate the decision of the district court and remand for further proceedings consistent with Amendment 780.

## BACKGROUND

In 2005, Freeman pleaded guilty to possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Under the terms of his plea agreement, Freeman agreed to cooperate with the government in exchange for the government's recommendation of a lower sentence.

At the time of his original sentencing, Freeman was held responsible for 2.4 kilograms of crack cocaine. Under the November 2004 Sentencing Guidelines Manual, 2.4 kilograms of crack cocaine yielded a base offense level of 38. Factoring in a two-level upward adjustment for possession of a weapon and a three-level downward adjustment for acceptance of responsibility, Freeman had a total offense level of 37 and a criminal history category of IV. As determined by the Sentencing Guidelines in effect at the time of his initial sentencing, Freeman faced an advisory Guidelines imprisonment range of 292–365 months. Because of a prior felony drug conviction, Freeman was also subject to a below-range statutory mandatory minimum of 240 months.

At sentencing, the government did not move for a downward departure based on Freeman's cooperation. The court noted that, absent a motion by the government, it could not impose a sentence of less than 240 months. Nevertheless, for reasons other than substantial assistance, the court varied downward and sentenced Freeman to the minimum 240 months. *See* 18 U.S.C. § 3553(a)(1) (instructing the court to consider "the nature and circumstance of the offense and the history and characteristics of the defendant in imposing a sentence"); 18 U.S.C. § 3553(b)(1) (authorizing the court to depart from the Guidelines if there exists an aggravating or mitigating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines"); U.S.S.G. § 5K2.0(a)(1)(A) (providing that the sentencing court may depart from the applicable guideline range if "the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists an aggravating or mitigating circumstance").

In 2007, the United States Sentencing Commission approved Amendment 706, which lowered the U.S.S.G. § 2D1.1 base offense levels for most quantities of crack cocaine by two levels. Based on this change, Freeman petitioned the district court to reduce his sentence. Freeman also claimed that the government had failed to advise the court at his initial sentencing of his cooperation, as required by the plea agreement. The court denied Freeman's motion for a reduced sentence but ordered the government to address its failure

to comply with the terms of the initial plea agreement. In response, the government filed a motion pursuant to Fed. R. Crim. P. 35(b) to reduce Freeman's sentence below the statutory minimum of 240 months based on his substantial assistance. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); U.S.S.G. § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.").

In 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372, which "reduced from 100:1 to 18:1 the ratio between crack and powder cocaine for the purposes of statutory minimum and maximum sentences." *United States v. Wren*, 706 F.3d 861, 861–62 (7th Cir. 2013) (citing *Dorsey v. United States,* — U.S. —, 132 S. Ct. 2321 (2012)). In order to comply with the Act, the Sentencing Commission promulgated Amendment 750, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. app. C, amend. 750 (2011). The Commission made Amendment 750 retroactive through Amendment 759. *See* U.S.S.G. app. C, amend. 759 (2011).

In light of those developments, Freeman again moved for a reduced sentence pursuant to § 3582(c)(2), arguing that he was eligible for a reduced sentence based on our discussion of Amendment 750 in *Wren*, 706 F.3d at 861. The district court denied Freeman's motion, holding that Freeman remained ineligible for a reduction despite the *Wren* decision because he had been sentenced to the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A), rather than a range that had been lowered by Amendment 750. This appeal followed.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when two factors are satisfied: first, the original sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; second, a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statements referenced by § 3582(c)(2) are contained in § 1B1.10 of the Sentencing Guidelines. They provide that a district court

cannot reduce a defendant's sentence when an amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10 cmt. nt. 1(A).

As an initial matter, we disagree with the district court's conclusion that Freeman's sentence was unaffected by the lowering of his guideline range because his sentence was based on the mandatory minimum. A court's decision to depart downward or upward from an initial guideline range does not mean that the resulting sentence is no longer based on the initial range. However, in light of Amendment 780 to the Sentencing Guidelines, which became effective on November 1, 2014, we need not ground our decision in this analysis, nor turn to this court's decision in *Wren*, to conclusively determine that Freeman is eligible for a reduced sentence. Prior to Amendment 780, this court held in *Wren* that defendants who receive sentences below the statutory minimum applicable to them based on their substantial assistance are eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) so long as U.S.S.G. § 5G1.1 did not affect the original calculation of their guideline ranges. *Wren*, 706 F.3d at 863 ("[I]f § 5G1.1 did not affect the original calculation [of a defendant's applicable guideline range], it does not come into play when a court considers the effect of a retroactive change to the Guidelines."). Pursuant to Amendment 780, § 1B1.10(c) now clarifies that district courts should not consider the effect of §§ 5G1.1 and 5G1.2 when ruling on cooperating defendants' § 3582(c)(2) motions. *See* U.S.S.G. § 1B1.10(c) (Nov. 1, 2014). Accordingly, whether or not § 5G1.1 affected the calculation of Freeman's sentencing range is no longer an issue that bears on his eligibility for a reduced sentence.

Here, Freeman's applicable guideline range—defined by the Guidelines as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)"—was 292–365 months' imprisonment. U.S.S.G. § 1B1.10 cmt. nt. 1(A). This calculation was based on a drug quantity guideline, U.S.S.G. § 2D1.1, which Amendment 750 subsequently lowered. Although he was subject to a mandatory minimum of 240 months' imprisonment, the court imposed a sentence of 180 months pursuant to a government motion to reflect Freeman's substantial assistance to authorities. Accordingly, § 1B1.10(c) bears directly on Freeman's case and makes him eligible for a sentence reduction.

## CONCLUSION

We vacate the district court's denial of Freeman's § 3582(c)(2) motion and remand for reconsideration of Freeman's sentence in light of Amendment 780.